## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRADLEY TALMADGE LIVINGSTON,<br><br>Plaintiff,<br><br>v.<br><br>GARDAWORLD, LLC; EMANUEL JOHNSON,<br><br>Defendants. | Civil Action No. 2:23-cv-23006 (JXN)(SDA)<br><br>*Electronically Filed* |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR VIOLATING THE COURT'S MULTIPLE ORDERS OR, ALTERNATIVELY, DEFENDANTS' SECOND MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES

Pursuant to Federal Rules of Civil Procedure 41(b) and 37(b), L. Civ. R. 16.1(f)(1) and 37.1(a), and the Court's July 26, 2024, and December 10, 2024 Orders, Defendants United American Security, LLC d/b/a GardaWorld Security Services ("GardaWorld") (incorrectly identified as GardaWorld, LLC) and Emanuel Johnson (collectively "Defendants"), move for an Order dismissing Bradley Talmadge Livingston's ("Plaintiff") Complaint with prejudice for violation of the Court's multiple orders, or alternatively move for an Order compelling Plaintiff to supplement his responses to Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents ("Discovery Requests").

## PRELIMINARY STATEMENT

Despite the Court's multiple orders compelling him to serve his initial disclosures, Plaintiff has failed to do so. In doing so, Plaintiff defies this Court's July 26, 2024 Order, and the more recent December 10, 2024 Order, both compelling his initial disclosures, as required by Federal

Rule of Civil Procedure 26(a)(1)(A). (Doc. Nos. 54 & 105). This latest act of disobedience by Plaintiff—in a long line of obstructive behavior in the discovery process – warrants dismissal of Plaintiff's Complaint. Moreover, during the December 10, 2024, status conference and by the filing of his own Motion for Voluntary Dismissal (Doc. No. 109), Plaintiff has repeatedly indicated his desire to withdraw his complaint, which Defendants do not oppose. Although Plaintiff has now appeared to have attempted to withdraw his motion for voluntary dismissal, he has failed to show good cause for doing so. Accordingly, the Court should dismiss Plaintiff's Complaint with prejudice.

Alternatively, and in accordance with the Court's December 10 Order, Defendants move for an Order compelling Plaintiff to supplement his discovery responses. Defendants further urge sanctions in the form of reimbursing them for all fees and costs incurred in compelling Plaintiff's compliance with the December 10 Order.

## STATEMENT OF FACTS RELEVANT TO THE MOTION

1.    On July 26, 2024, the Court entered a Pretrial Scheduling Order directing the parties to exchange their initial disclosures by August 5, 2024, and serve their first set of discovery request by August 9. (Doc. No. 54).

2.    In compliance with the Pretrial Scheduling Order, Defendants served their initial disclosures on July 5, 2024, and subsequently served their first Discovery Requests on July 29. Plaintiff failed to serve either one.

3.    On August 28, 2024, as Plaintiff failed to respond to Defendants' Discovery Requests, the Court entered a second Order directing Plaintiff to respond. (Doc. No. 57). However, Plaintiff failed to do so.

4.      On October 31, 2024, after several months of ignoring the Court's multiple orders and also ignoring Defendants' October 9 deficiency letter (**Exhibit A**), Plaintiff finally served his discovery responses – which were approximately two months overdue.  (Doc. No. 74).

5.      As his responses were still deficient, Defendants again served Plaintiff a second deficiency letter on November 25. **(Exhibit B).**  However, Plaintiff failed to respond.

6.      During the December 10 status conference, the Court again ordered Plaintiff – for the second time – to serve his initial disclosures, and he was given until December 20, 2024, to do so. (Doc. No. 105).  However, as of the date of this filing, Plaintiff failed to serve his initial disclosures.

7.      Additionally, during the December 10 status conference, the Court also ordered Plaintiff to supplement his deficient responses by December 20. (Doc. No. 105).  Importantly, the Order granted Defendants leave to file a motion to compel if his deficiencies remained ongoing.

8.      On December 19, Defendants timely received Plaintiff's supplemental responses. (**Exhibit C**).  Plaintiff, however, either failed to provide supplemental responses to many of Defendants' Discovery Requests, or he failed to produce the requested documents – without making any individual objections.  Therefore, as of the date of this filing, Plaintiff's responses remain deficient.

9.      As Plaintiff has failed to serve his initial disclosures – despite two Court orders directing him to do so – and his responses remain deficient, his Complaint should be dismissed, or alternatively, the Court should compel supplementation of his discovery responses.

## **ARGUMENT**

**I.      PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE DUE TO HIS ONGOING REFUSAL TO COMPLY WITH THE COURT'S MULTIPLE**

**ORDERS AND ALSO HIS REFUSAL TO COMPLY WITH HIS DISCOVERY OBLIGATIONS.**

**A.      Plaintiff's Complaint Should Be Dismissed Under Rule 41(b).**

As Plaintiff has failed to comply with multiple court orders and has also failed to comply with his discovery obligations, his Complaint should be dismissed with prejudice in accordance with the federal rules.  In particular, Federal Rule of Civil Procedure 41(b) provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)...operates as an adjudication *on the merits*."  Fed. R. Civ. P. 41(b) (emphasis added).  The factors a district court is directed to consider when deciding a Rule 41(b) motion to dismiss are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Hernandez v. Palakovich*, 293 F. App'x 890, 894 (3rd Cir. 2008); *Baker v. Accounts Receivables Management*, 292 F.R.D. 171, 175 (D.N.J. 2013) (dismissal with prejudice is warranted under Federal Rule of Civil Procedure 41(b) when Plaintiff acts in "flagrant bad faith and callous disregard" to the Court's order.).  Here*, the majority* of these factors weigh in favor of dismissal of the Complaint with prejudice.

> **i.      Plaintiff is solely and personally responsible for his repeated refusal to serve his initial disclosures and his repeated delay in responding to discovery.**

As previously detailed, Plaintiff has ignored two court orders compelling him to serve his initial disclosures.   On July 26, 2024, the Court entered a Pretrial Scheduling Order compelling the parties to exchange their initial disclosures by August 5, 2024.  (Doc. No. 54).  As Plaintiff

failed to do so, during the status conference, the Judge instructed Plaintiff to serve his initial disclosures and also entered a second Order compelling him to do so, as required by Federal Rule of Civil Procedure 26(a)(1)(A).  (Doc. No. 105).  Although Plaintiff is a *pro se* litigant, he was aware of the Judge's order directing him to serve his initial disclosures as the Judge clearly and thoroughly explained this requirement during the December 10 scheduling conference and also entered a second court order compelling him to do so. *Morales v. Trans Union, LLC*, 2006 WL 2470375, No. 05-2549 (RMB), *at 1 (D. N. J. Aug. 23, 2006) ("Even though a court will often be more lenient with *pro se* litigants, if a *pro se* plaintiff has been provided with ample opportunity and information to respond to a motion, but nevertheless has continually disregarded" his "obligations as a litigant, it is not beyond the discretion of the court to dismiss [the] claim.").  Here, instead of serving his initial disclosures as required, Plaintiff repeatedly stated during the status conference that he was no longer interested in pursuing his claim against Defendants and also filed a motion for voluntary dismissal immediately afterwards.

Additionally, after several months of completely ignoring multiple court orders directing Plaintiff to respond to Defendants' Discovery Requests (Doc. No. 57) and also after wholly disregarding Defendants' October 9 deficiency letter (**Exhibit A**), Plaintiff finally served his discovery responses – which were approximately two months overdue.  (Doc. No. 74).  Even though he had ample time to prepare adequate responses, he failed to do so, and as of the date of this filing, his responses are still deficient.  As Plaintiff is personally responsible for his refusal to comply with the Court's orders and his discovery obligations, his dilatory conduct warrants dismissal of his Complaint with prejudice.  *Id.* (holding as "Plaintiff is *pro se* and the failure to comply with this Court's Orders cannot be blamed on counsel," his "personal responsibility is established.").

ii.    **Defendants have been and will continue to be prejudiced by Plaintiff's misconduct.**

Dismissal under Federal Rule of Civil Procedure 41(b) is warranted where a plaintiff fails in his duty to process his case diligently. *Id.* at 1-2 (Defendants are prejudiced by a plaintiff's inaction where the Parties are "unable to engage in discovery or move forward with [the] matter."). Plaintiff's duty of due diligence is imposed because of the strong policy favoring prompt disposition of cases. *See Id.* Prejudice resulting from unreasonable delay such as this may be presumed as a matter of law. *See Id.*

Here, Plaintiff's dilatory tactics in prolonging this litigation have impaired Defendants' ability to defend against his claims. *First*, Plaintiff's delays increased the likelihood that Defendants' witnesses may become unavailable or experience difficulty recollecting relevant facts related to Plaintiff's claims.  Although the Court ordered Plaintiff to serve his initial disclosures on August 5, 2024, as of the date of this filing, he has never done so.  Furthermore, Plaintiff served his discovery responses an entire two months late and has failed to repair his deficient responses. Further delay impairs Defendants' ability to defend themselves. *Second*, Plaintiff's misconduct impeded Defendants' ability to effectively conduct and complete Court-ordered discovery in this matter. Although the discovery deadline is January 31, 2025, Plaintiff has made no effort to correct his deficient responses, and his inexcusable, tactical delay cannot go unpunished.

iii.    **Plaintiff's extensive delays warrant dismissal.**

Plaintiff's prolonged delays in serving his initial disclosures and responding to Defendants' Discovery Requests warrant dismissal.  As the Court has ruled, the third prong is met when the case is "replete with dilatory conduct of the Plaintiff in delaying discovery." *Baker v. Accounts Receivables Management*, 292 F.R.D. 171, 175 (D.N.J. 2013) (dismissal with prejudice is warranted under Federal Rule of Civil Procedure 41(b) when Plaintiff acts in "flagrant bad faith

and callous disregard" to the Court's order.).  Here, Plaintiff continues to violate two Court Orders requiring him to serve his initial disclosures, and after needlessly delaying his discovery responses for two months, his responses remain deficient – despite receiving two deficiency letters from Defendants.  Plaintiff clearly intends to continue violating the Court's July 26 and December 10 Orders. This misconduct makes it improbable (if not impossible) that Defendants will be able to receive all of their responses by January 31, 2025, which is the close of discovery, despite the fact that Defendants served their Discovery Requests to Plaintiff on July 29, 2024 – over 5 months ago.  Plaintiff's inexcusable delay is patently unfair to Defendants, who now have approximately 3 weeks to conclude factual discovery, including taking Plaintiff's deposition.

The Third Circuit has affirmed dismissals in similar cases where, as here, the plaintiff repeatedly violated a Court order.   Importantly, in *Nieves*, the plaintiff, a *pro se* litigant, often "engaged in dilatory tactics by submitting various erroneous filings to the court, which were often in the form of letters that expressed his thoughts on unrelated cases or irrelevant topics in a stream-of-consciousness style. In addition to these erroneous letters, he asked for various extensions of time to file responsive pleadings, and then failed to meet the deadlines set by the court."  *Nieves v. Thorne*, 790 F. App'x 355, 357 – 358 (3rd Cir. 2019).   The *Nieves* Court correctly ruled that the plaintiff's repeated violations of the court orders and extensive history of filing irrelevant and unrelated motions or letters were "not merely negligent," but an "intentional" tactic of "dragging the case out," and therefore affirmed the lower court's Rule 41(b) dismissal of Plaintiff's Complaint.  *Id.*  Here, similar to *Nieves*, Plaintiff has repeatedly violated multiple court orders and has littered the docket with meaningless, unrelated and irrelevant motions and letters – despite a Cease and Desist order directing Plaintiff to do otherwise. (Doc. No. 62).

7

Plaintiff provides no justification or excuse for his refusal to comply with this Court's Order. Accordingly, this Court should also dismiss Plaintiff's Complaint under Rule 41(b).

### iv.    Plaintiff's conduct was willful and in bad faith.

Here, as the Court correctly reasoned in *Nieves*, Plaintiff's repeated court order violations and extensive history of cluttering the docket with unnecessary and irrelevant filings were "not merely negligent" but also "intentional." *Id.* Even though the Court has repeatedly ordered Plaintiff to refrain from filing irrelevant motions and letters, he continues to do so. He even boldly and wholly ignores this Court's Cease and Desist Order. (Doc. No. 62). Clearly, Plaintiff's conduct is willful and in bad faith, and the Court should dismiss his Complaint under Federal Rule of Civil Procedure 41(b).

### v.    Dismissal of Plaintiff's Complaint is the most effective sanction.

As Plaintiff is a *pro se* litigant proceeding *in forma pauperis*, dismissal of his Complaint would be the most effective sanction taken against him. In particular, "levying costs, fees, or monetary sanctions against Plaintiff is unlikely to be effective in this case given Plaintiff's status as a *pro se* litigant" and it is permissible "to presume that his *pro se* status indicate[s] a limitation of expendable funds." *Baker v. Accounts Receivables Management, Inc.*, 292 F.R.D. 171, 180 (D.N.J. 2013). Additionally, a lesser sanction than dismissal, such as "a formal reprimand and warning to Plaintiff" would not be appropriate given the Court has already formally reprimanded Plaintiff multiple times and has even entered a Cease and Desist Order precluding him from filing unnecessary and unrelated motions, however, he boldly continues to do so in direct violation of the Order. *Id.* (Doc. No. 62). Therefore, dismissal of Plaintiff's Complaint is warranted.

**B.    Plaintiff's Complaint Should Be Dismissed Under Rule 37(b) Because He Refuses To Comply With A Valid Discovery Order.**

Likewise, *Fed. R. Civ. P*. 37(b)(2)(v) provides for dismissal of an action as a sanction for not obeying a discovery order. As discussed above, Plaintiff repeatedly failed to comply with his discovery obligations dating back to July 26, 2024. (Doc. No. 54). Moreover, Plaintiff repeatedly defied this Court's August 28 and December 10, 2024, discovery Orders. (Doc. Nos. 57 and 105). Pursuant to Rule 37, Plaintiff's defiance should be treated as contempt of court. In particular, Federal Rule of Civil Procedure 37 governs the court's procedures for enforcing discovery orders and imposing sanctions for misconduct, and provides:

> If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following: . . . (v) ***dismissing the action or proceeding in whole*** or in part;

*Fed. R. Civ. P*. 37(b)(2)(A) (emphasis added). As the Third Circuit has long held, "the decision to dismiss or enter default must be made in the context of the district court's extended contact with the litigant" and "[w]hether to impose such sanctions is ultimately a matter of the district court's discretion." *Days Inn Worldwide, Inc. v. Karisham Aashvi, Inc.*, 2023 WL 5054848, No. 21-5433-JXN-AME, *at 3 (D.N.J. June 30, 2023) (internal citations omitted). As this Court has held, "[s]anctions imposed in accordance with Rule 37 may serve the dual purpose of penalizing a belligerent party and deterring other litigants from conducting themselves in a similar manner." *Sperber v. Elwell*, 2014 WL 12621964, No. 13–768 (AET)(LHG), *at 4 (D.N.J. June 26, 2014).

Here, Plaintiff abjectly and unjustly refuses to cooperate with Defendants by refusing to provide his initial disclosures. This pattern of noncompliance and lack of cooperation is further evidenced by Plaintiff's repeated failures to produce and supplement his discovery responses, which have been outstanding since August 28, 2024. Such conduct warrants dismissal of the instant action. *Shahin v. Delaware,* 345 F. App'x 815, 816 (3rd Cir. 2009) (affirming dismissal of action under

Federal Rule 37(b)(2)(A)); *Mindek v. Rigatti,* 964 F.2d 1369, 1373-1375 (3rd Cir. 1992)(affirming dismissal of complaint with prejudice as a sanction for the plaintiff's repeated, flagrant violations of the court orders).

## II.    ALTERNATIVELY, DEFENDANTS REQUEST THE COURT ENTER AN ORDER COMPELLING PLAINTIFF TO SUPPLEMENT HIS DISCOVERY RESPONSES.

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." (*Id.*). Additionally, Rule 26 provides that a party who had responded to an interrogatory or request for production "must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing" or "as ordered by the Court." FED. R. CIV. P. 26(e)(1)(A)-(B).

Defendants served Plaintiff a second deficiency letter on November 25, 2024, and their Discovery Requests seek relevant, discoverable information. **(Exhibit B)**. Plaintiff served his supplemental responses on December 19, 2024, however, they were incomplete at the time they were served. (**Exhibit C**). As of the date of this filing, Plaintiff has failed to supplement his responses as required by the Federal Rules and as requested by Defendants. Accordingly, Defendants ask the Court to compel Plaintiffs' supplementation in the manner set forth below:

## A.    Defendants' Request Nos. 12-17; 19-27

i.    **REQUEST NO. 12**:

Produce any and all documents related to the Peace Order filed against you, Case Number 0804SP060862007, on August 30, 2007, in the Baltimore County District Court.

**RESPONSE**:

Not guilty I attached

ii.    **REQUEST NO. 13**:

Produce any and all documents related to *Bradley Livingston v. Aaron Prince*, Case Number 01-01-0007590-2011, filed in the District Court of Maryland on March 21, 2011.

**RESPONSE**:

I filed against this guy stolen [sic] my vespa biked thats [sic] not against me

iii.    **REQUEST NO. 14**:

Produce any and all documents related to the Peace Order filed against you, Case Number 0804SP029822010, on May 10, 2010, in the Catonsville District Court.

**RESPONSE**:

Not guilty attached

iv.    **REQUEST NO. 15**:

Produce any and all documents related to the Domestic Violence charge filed against you, Case Number 0804SP029812010, on May 10, 2010, in the Catonsville District Court.

**RESPONSE**:

Not guilty attached

v.    **REQUEST NO. 16**:

Produce any and all documents related to the Peace Order filed against you, Case Number 0804SP017102010, on April 9, 2010, in the Towson District Court.

**RESPONSE**:

Not guilty attached

11

vi.       **<u>REQUEST NO. 17</u>**:

Produce any and all documents related to your Peace Order Appeal, Case Number 03-C-10-008833, filed on July 13, 2010, in the Baltimore County Circuit Court.

**<u>RESPONSE</u>**:

Not guilty attached

vii.      **<u>REQUEST NO. 19</u>**:

Produce any and all documents related to *Livingston v. Thrive at Montvale*, Case Number 2:23-cv-23004, filed in the United States District Court for the District of New Jersey on December 11, 2023.

**<u>RESPONSE</u>**:

That case is dismissed because the guy that terminate [sic] me was fired.

viii.     **<u>REQUEST NO. 20</u>**:

Produce any and all documents related to *Livingston v. Williams*, Case Number 2:24-cv-2056, filed in the United States District Court for the District of New Jersey on February 21, 2024.

**<u>RESPONSE</u>**:

That case is pending

ix.       **<u>REQUEST NO. 21</u>**:

Produce any and all documents related *to Livingston v. Borough of Elmwood Park*, Case Number 2:24-cv-1210, filed in the United States District Court for the District of New Jersey on February 27, 2024.

**<u>RESPONSE</u>**:

That case is pending

x.        **<u>REQUEST NO. 22</u>**

Produce any and all documents related to *Livingston v. Hibbert-Livingston*, Case Number 2:24-cv-1216, filed in the United States District Court for the District of New Jersey on February 29, 2024.

**RESPONSE**:

That case is pending ex-wife marriage fraud me [sic].

xi.     **REQUEST NO. 23**:

Produce any and all documents related to *Livingston v. Securitas*, Case Number 2:24-cv-5838, filed in the United States District Court for the District of New Jersey on May 2, 2024.

**RESPONSE**:

Wrongful termination due to ex girlfriend [sic] false statements

xii.    **REQUEST NO. 24**:

Produce any and all documents related to *Livingston v. Uber*, Case Number 2:24-cv-05839, filed in the United States District Court for the District of New Jersey on May 2, 2024.

**RESPONSE**:

Uber committed wage theft amongst [sic] myself and other drivers

xiii.   **REQUEST NO. 25**:

Produce any and all documents related to *Livingston v. City of Englewood*, Case Number 2:24-cv-6396, filed in the United States District Court for the District of New Jersey on May 22, 2024.

**RESPONSE**:

False [sic] arrested due to ex wife false allegations and she went before judge stated I didn't do.  Marriage fraud

xiv.    **REQUEST NO. 26**:

Produce any and all documents related to *Livingston v. Hibbert-Livingston*, Case Number BER-L-2244-24, filed in Bergen County, New Jersey.

**RESPONSE**:

Ex wife is facing defamation

xv.     **REQUEST NO. 27**:

Produce any and all documents related to *Livingston v. Wiliams*, Case Number BER-L-2250-24, filed in Bergen County, New Jersey.

**RESPONSE**:

Ex girlfriend is facing defamation

(**Exhibit D**:  Plaintiff's responses to Defendants' Discovery Requests, pp. 6-9 and attached, unnumbered exhibits; **Exhibit C**:  Plaintiff's Supplemental Responses, p. 1).

Defendants seek the records related to Plaintiff's various lawsuits.  Plaintiff failed to produce the records and claims he no longer has access to the documents.  Plaintiff also failed to individually object to the Requests.  The requested information is relevant, and thus discoverable under Rule 26, because it could potentially lead to admissible evidence in Plaintiff's current lawsuit.  Regarding Plaintiff's lawsuits against other employers, he alleges the same or similar allegations as the current one, and information in the other lawsuits could be relevant.   Although Plaintiff claims he no longer has "access" to the documents, they are in fact under his control.  Defendants therefore ask the Court to compel Plaintiff to produce the entire record related to Request Nos. 12-17 and 19-27.

**B.  Defendants' Request No. 28**

**REQUEST NO. 28:**

Other than the responsive documents Plaintiff already produced in his response to Request Number 12, produce any other documents relating to or concerning any bankruptcies, divorces, lawsuits, criminal arrests or convictions, motor vehicle offenses, grievances, charges filed with the Equal Employment Opportunity Commission, unfair employment practice charges, unemployment, or worker's compensation claims to which Plaintiff was a party.

**RESPONSE**:

None

(**Exhibit D**:  Plaintiff's responses to Defendants' Discovery Requests, pp. 9-10; **Exhibit C**:

Plaintiff's Supplemental Responses).

This request seeks, *inter alia*, records related to Plaintiff's divorce and also any other

EEOC charges filed against other employers.  In his response, Plaintiff answers, "none,"

however, his response is deficient.  Plaintiff failed to produce documents related to his divorce,

and he also failed to produce documents related to the EEOC and administrative charges that

serve as the basis for his other lawsuits he filed against other various employers.  Plaintiff also

failed to individually object to the Requests.

The requested information is relevant, and thus discoverable under Rule 26, because it

could potentially lead to admissible evidence in Plaintiff's current lawsuit.  Regarding the

documents related to his divorce, the requested information is discoverable as it relates to

Plaintiff's financial situation, which could be relevant for establishing damages.  Regarding the

administrative charges, Plaintiff alleges the same or similar allegations in his other charges as his

current lawsuit, and therefore this information could be relevant.   Defendants therefore ask the

Court to compel Plaintiff's response to Request No. 28 and produce the requested information.

## C.  Defendants' Request No. 30

**REQUEST NO. 30:**

Produce all documents that relate to allegations regarding the damages alleged to be
suffered by you, including, but not limited to, lost wages, medical expenses, compensatory
damages, emotional distress, and punitive damages you allege arose from any alleged
actions or omissions of Defendants.

**RESPONSE**:

Letter of Intent filed sent to defendant and courts

(**Exhibit D**:  Plaintiff's responses to Defendants' Discovery Requests, p. 10 and attached,

unnumbered exhibits; **Exhibit C**:  Plaintiff's Supplemental Responses).

Plaintiff failed to provide a coherent response and also failed to produce any responsive documents. Plaintiff also failed to individually object to Request No. 30. The requested information is relevant, and thus discoverable under Rule 26, because it clearly relates to Plaintiff's claims for compensatory and punitive damages. Defendants ask the Court to compel Plaintiff's response to Request No. 30 and produce the requested information.

**D. Defendants' Request No. 31**

**REQUEST NO. 31:**

Produce each document or record that supports your efforts to mitigate your claimed losses.

**RESPONSE:**

Employment lost

(**Exhibit D**: Plaintiff's responses to Defendants' Discovery Requests, p. 10; **Exhibit C**: Plaintiff's Supplemental Responses).

Plaintiff failed to produce any responsive documents, and he also failed to individually object to Request No. 31. The requested information is relevant, and thus discoverable under Rule 26, because it clearly relates to Plaintiff's claimed losses and his efforts to mitigate his damages. Defendants ask the Court to compel Plaintiff's supplementation of his response to Request No. 31 and produce the requested information.

**E. Defendants' Request No. 32**

**REQUEST NO. 32:**

If you are currently employed, please produce all documents concerning your current job, including but not limited to pay stubs, W-2s and tax returns from 2023 to the present.

**RESPONSE:**

Just started new job DMAC in Maryland

(**Exhibit D**:  Plaintiff's responses to Defendants' Discovery Requests, p. 11; **Exhibit C**:  Plaintiff's

Supplemental Responses, and unnumbered exhibits beginning with "Requests No. 32").

This request seeks all documentation related to any job(s) Plaintiff had since leaving

GardaWorld.  Plaintiff produced a statement from DMAC regarding his pay, but it is very difficult

to calculate his backpay because the dates of his unemployment since leaving GardaWorld are

unclear.  In Plaintiff's response, he stated he was working at DMAC Security in Maryland.

Additionally, in his answer to Interrogatory Nos. 11 and 12, Plaintiff stated he began working at

Thrive at Montvale after leaving GardaWorld.  However, it's unclear whether Plaintiff worked at

other places of employment as well.  The requested information is relevant, and thus discoverable

under Rule 26, because it clearly relates to Plaintiff's claimed losses and his efforts to mitigate his

damages. Defendants asks the Court to compel Plaintiff's supplementation of his response to

Request No. 32.

### F.  Defendants' Request No. 33

> #### REQUEST NO. 33:
>
> Produce all documents Plaintiff has submitted to or received from any federal, state, or
> local agency to receive any benefits for unemployment compensation, workers'
> compensation, disability compensation, or other compensation since Plaintiff's separation
> from GardaWorld.

> #### RESPONSE:

(**Exhibit D**:   Plaintiff's responses to Defendants' Discovery Requests, p. 11 and attached,

unnumbered exhibits; **Exhibit C**:  Plaintiff's Supplemental Responses).

This request seeks, *inter alia*, documents related to any unemployment or disability

benefits Plaintiff received since leaving GardaWorld.  Plaintiff produced a 1-page document

related to the unemployment benefits he received, but the total amount of unemployment benefits

he has received and the dates in which he received them remain unclear.  The requested

information is relevant, and thus discoverable under Rule 26, because it clearly relates to Plaintiff's claimed losses and his efforts to mitigate his damages. Defendants asks the Court to compel Plaintiff's supplementation of his response to Request No. 33.

**G. Defendants' Request No. 38**

**REQUEST NO. 38:**

Produce all documents that you provided to or received from any administrative proceedings or governmental agency regarding the allegations in the Complaint.

**RESPONSE:**

I sent to courts

(**Exhibit D**:  Plaintiff's responses to Defendants' Discovery Requests, p. 13; **Exhibit C**:  Plaintiff's Supplemental Responses, p. 1).

Plaintiff claims he sent the requested documents "to courts," however, he failed to identify or produce all documents he received from any administrative proceedings regarding the allegations in his Complaint. Plaintiff also failed to individually object to Request No. 38. The requested information is relevant, and thus discoverable under Rule 26, because it clearly relates to Plaintiff's allegations. Defendants ask the Court to compel Plaintiff to supplement his response to Request No. 38 and produce all documents he received from any administrative proceedings or governmental agency regarding the allegations in his Complaint.

**H. Defendants' Interrogatory No. 2**

**INTERROGATORY NO. 2:**

Describe your educational background, including the name and address of the high school from which you graduated, the name and address of any and all technical schools or training programs you attended, the name and address of any and all colleges or universities you attended, the dates of attendance, whether a degree or certificate was received, and if so, the type of degree and the date on which it was received.

**ANSWER:**

Ashworth College                          Bachelor's degree
5051 Peach Tree Corners                   Criminal Justice
Suite 200
Norcross, GA 30092

(**Exhibit D**:   Plaintiff's responses to Defendants' Discovery Requests, p. 19 and attached, unnumbered exhibits; **Exhibit C**:   Plaintiff's Supplemental Responses, unnumbered exhibits labeled "Interrogatory No. 2").

This interrogatory seeks, *inter alia*, the dates Plaintiff attended high school and/or college and whether or when a degree was received.  Plaintiff provided his college transcript, which states he received an associate's degree and high school diploma, but the name of his high school and dates of attendance and also when and where he received an associate's degree remain unclear.  It is also unclear whether he received his bachelor's degree.  The requested information is relevant, and thus discoverable under Rule 26, because it is related to Plaintiff's background and could potentially lead to admissible evidence in Plaintiff's current lawsuit.  Defendants ask the Court to compel Plaintiff to supplement his answer to Interrogatory No. 2.

## I.  Defendants' Interrogatory No. 5

### INTERROGATORY NO. 5:

State whether or not you have ever complained to an employer other than GardaWorld, either formally or informally, of employment discrimination, harassment, retaliation, or other unlawful conduct, been a party to any administrative proceeding, civil lawsuit (including divorce proceedings), criminal arrest or conviction, motor vehicle offense, and/or a party to a bankruptcy proceeding (any of the foregoing, an "Action"), and if so, state whether you were the Plaintiff, Defendant or other party; the circumstances giving rise to the Action; the court or agency in which the Action was filed; the date, nature of the Action, and case/charge/file number and the outcome; whether tried to a verdict, settled or otherwise disposed of, and if so, how disposed.

### ANSWER:

Only concerned myself that I was wrongful [sic] terminated in the past jobs

**(Exhibit D**:  Plaintiff's responses to Defendants' Discovery Requests, p. 20; **Exhibit C**:  Plaintiff's

Supplemental Responses).

This interrogatory seeks, *inter alia*, information related to any complaints Plaintiff made

against other employers.  Plaintiff failed to provide a coherent response, and he also failed to

individually object to Interrogatory No. 5.  The requested information is relevant, and thus

discoverable under Rule 26, because it could potentially lead to admissible evidence in Plaintiff's

current lawsuit.  Plaintiff alleges the same or similar allegations in his other charges and lawsuits

as his current one, and therefore this information could be relevant.  Defendants therefore ask the

Court to compel Plaintiff to supplement his answer to Interrogatory No. 5.

**J.  Defendants' Interrogatory No. 6**

> **INTERROGATORY NO. 6:**
> Identify the monetary value of all forms of compensation received by you from
> GardaWorld, from January 1, 2019, to the present.  Identify and produce copies of all
> documents, things, or information relating to your response to this Interrogatory.

> **ANSWER:**

> I only was called over the phone due to termination never received anything from
> GardaWorld no longer live in New Jersey

**(Exhibit D**:  Plaintiff's responses to Defendants' Discovery Requests, p. 20; **Exhibit C**:  Plaintiff's

Supplemental Responses).

This interrogatory seeks, *inter alia*, the monetary value of all forms of compensation Plaintiff

received from GardaWorld from January 1, 2019 to the present.   Plaintiff failed to provide a coherent

response, and he also failed to individually object to Interrogatory No. 6.  The requested information is

relevant, and thus discoverable under Rule 26, because it could potentially lead to admissible

evidence in Plaintiff's current lawsuit.  Defendants therefore ask the Court to compel Plaintiff to

supplement his answer to Interrogatory No. 5.

**K.  Defendants' Interrogatory No. 10**

**INTERROGATORY NO. 10:**

Since your separation from GardaWorld, provide the dates when you were employed and not employed.

**ANSWER**:

07/2023-06/2024

(**Exhibit D**:  Plaintiff's responses to Defendants' Discovery Requests, pp. 21-22; **Exhibit C**: Plaintiff's Supplemental Responses, and unnumbered exhibits labeled "Interrogatory No. 10").

As the interrogatory seeks, *inter alia*, both the dates Plaintiff was employed and unemployed after leaving GardaWorld, his answer is unclear because he failed to specify whether his answer represents the dates of his employment or unemployment.  Additionally, Plaintiff failed to individually object to this interrogatory.  The requested information is relevant, and thus discoverable under Rule 26, because it clearly relates to Plaintiff's claimed losses and his efforts to mitigate his damages.  Defendants ask the Court to compel Plaintiff's supplementation of his answer to Interrogatory No. 10.

**L.  Defendants' Interrogatory No. 11**

**INTERROGATORY NO. 11:**

Please provide the following with respect to all applications for employment you have submitted since March 2, 2022:  the employer, the description of the position, the date of the application, the employer's response to your applications, the reason provided to you if you were not selected.

**ANSWER:**

Thrive at Montvale (Concierge) Hired March 23, 2022

(**Exhibit D**:  Plaintiff's responses to Defendants' Discovery Requests, p. 22; **Exhibit C**:  Plaintiff's Supplemental Responses).

This interrogatory seeks, *inter alia*, information related to the names of the employers to which Plaintiff applied since leaving GardaWorld. In his answer, Plaintiff stated he was hired at Thrive at Montvale in March 2022, however, in his response to Request No. 32, he stated he has also worked at DMAC since leaving GardaWorld. It is clear that Plaintiff has not provided all of the information related to this interrogatory. Plaintiff also failed to individually object to this interrogatory. The requested information is relevant, and thus discoverable under Rule 26, because it clearly relates to Plaintiff's claimed losses and his efforts to mitigate his damages. Defendants ask the Court to compel Plaintiff's supplementation of his answer to Interrogatory No. 11.

## M.  Defendants' Interrogatory No. 12

### INTERROGATORY NO. 12:

After your separation from GardaWorld, if you were offered a position by any of the employers to which you applied, give the address and/or location that offered the position, your job title, the starting and ending dates of employment, the salary, and other compensation received by you in connection with the employment (including the total compensation received by you to date), the job duties of the employment, insurance benefits (life, medical, disability, etc.), and any other benefits such as pension, retirement, 401K, parking, professional and/or educational benefits, and please state the reason for leaving such employment, if applicable. [**Please sign, date, and return the original of the attached form authorizing the release of Plaintiff's employment records to FordHarrison LLP**].

### ANSWER:

Thrive at Montvale                                  (All Benefits received)
110 Summit Ave                                     (Wrongful termination)
Montvale, NJ 07645

(**Exhibit D**:  Plaintiff's responses to Defendants' Discovery Requests, p. 22; **Exhibit C**:  Plaintiff's Supplemental Responses).

This interrogatory seeks, *inter alia*, information related to job offers Plaintiff received since leaving GardaWorld. In his answer, Plaintiff stated he was offered a job at Thrive at Montvale,

however, in his response to Request No. 32, he stated he also worked at DMAC since leaving GardaWorld.   It is clear that Plaintiff has not provided all of the information related to this interrogatory.   Plaintiff also failed to individually object to this interrogatory.   The requested information is relevant, and thus discoverable under Rule 26, because it clearly relates to Plaintiff's claimed losses and his efforts to mitigate his damages.   Defendants ask the Court to compel Plaintiff's supplementation of his answer to Interrogatory No. 12.

### N.  Defendants' Interrogatory No. 13

**INTERROGATORY NO. 13:**

Identify all steps, if any, which you have taken to mitigate the damages you claim to have suffered as a result of any discriminatory or retaliatory act or omission by Defendants.

**ANSWER:**

DCR & EEOC complaint investigation nothing was done to get justice

**(Exhibit D**:  Plaintiff's responses to Defendants' Discovery Requests, pp. 22-23; **Exhibit C**: Plaintiff's Supplemental Responses).

This interrogatory seeks, *inter alia*, information related to the steps Plaintiff has taken to mitigate his damages since leaving GardaWorld.     In his answer, Plaintiff fails to answer the interrogatory and fails to provide the requested information.   Plaintiff also failed to individually object to this interrogatory.   The requested information is relevant, and thus discoverable under Rule 26, because it clearly relates to Plaintiff's claimed losses and his efforts to mitigate his damages.   Defendants ask the Court to compel Plaintiff's supplementation of his answer to Interrogatory No. 13.

## III.    Conclusion

For the foregoing reasons, Defendants' Motion To Dismiss Plaintiff's Complaint with prejudice for violation of the Court's multiple orders should be granted. Alternatively, Defendants' Second Motion To Compel Plaintiff's Discovery Responses should be granted.

Dated:  January 13, 2025

Respectfully submitted,

FORD HARRISON LLP

/s/ *Erica N. Johnson*
Mark A. Saloman, Esq.
Erica N. Johnson, Esq. *(admitted pro hac vice)*
300 Connell Drive, Suite 4100
Berkeley Heights, New Jersey 07922
Tel: (973) 646-7311
Fax: (973) 646-7301
Email: msaloman@fordharrison.com
*Attorneys for Defendants*