UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRADLEY TALMADGE LIVINGSTON**, <br><br> Plaintiff, <br><br> v. <br><br> **GARDA WORLD, LLC,** *et al.*, <br><br> Defendants. | Civil Action No. 2:23-cv-23006 (JXN) (SDA) <br><br> Hon. Stacey D. Adams <br><br> **OPINION & ORDER** |

**STACEY D. ADAMS, United States Magistrate Judge**

**THIS MATTER** having come before this Court upon the Motion for Reconsideration filed by Plaintiff Bradley Talmadge Livingston ("Plaintiff") (ECF No. 164) seeking reconsideration of the Court's April 2, 2024 Opinion and Order Denying his Motion for Recusal of the undersigned (ECF No. 163).

**WHEREAS,** a party moving for reconsideration of an order of this Court must file its motion within fourteen (14) days after the entry of that order and set "forth concisely the matter or controlling decisions which the party believes the… Judge has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are "extremely limited procedural vehicle(s)" which are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (quotation marks omitted). They may only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quotation marks and italics omitted). They are "not a vehicle for a litigant to raise new

1

arguments." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 168 (D.N.J. 2013); and

**WHEREAS,** Plaintiff's Motion for Reconsideration must be denied because it fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its original order, or an error of fact or law that, if left uncorrected, would result in manifest injustice; and

**WHEREAS,** Plaintiff inappropriately uses the Motion for Reconsideration to raise a new argument that was not included in his initial Motion for Recusal. Plaintiff alleges that the Opinion and Order Denying his Motion to Recusal was improper because of Judge Adams' "prior connections to parties involved in this case." (ECF No. 164 at 1). Specifically, Plaintiff raises concerns with Judge Adams' previous professional affiliation with Littler Mendelson P.C. ("Littler"). (*Id.* at 2-3). However, Plaintiff did not raise this concern in his Motion for Recusal. (ECF No. 121), making this the type of new argument that would be inappropriate to raise in a Motion for Reconsideration; and

**WHEREAS,** even though it was not raised in Plaintiff's original Motion for Recusal (ECF No. 121), but only through a letter (ECF No. 129) as well as a judicial complaint (J.C. No. 03-25-9005) that was outside the scope of the motion, the undersigned nevertheless addressed Plaintiff's concerns over her connections to Littler in her Opinion and Order (ECF No. 163 at 2 n.3). Judge Adams noted that her previous employment with Littler is irrelevant to the current matter, since Littler is not representing any parties adverse to Plaintiff in this or any of his other pending actions. (*Id.*). Additionally, Judge Adams explained that she has not been associated with Littler since 2019, which is well beyond the two-year recusal period for cases involving attorneys from a judicial official's former law firm. *Mikkilineni v. PayPal Inc.*, No. 19-CV-1391 (CFC) (SRF), 2019

2

WL 5576694, at *2 (D. Del. Oct. 29, 2019) (citing Committee on Codes of Conduct Advisory Opinion No. 24); therefore,

**IT IS**, on this **21st** day of **April, 2025**, for good cause shown,

**ORDERED** that Plaintiff's Motion for Reconsideration is DENIED; and

**ORDERED** that the Clerk of Court terminate the motion at ECF No. 164.

**SO ORDERED.**

/s/ Stacey D. Adams
**STACEY D. ADAMS, U.S.M.J.**

Orig: Clerk
cc:   Parties
      Julien Xavier Neals, U.S.D.J.

3