UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRADLEY TALMADGE LIVINGSTON,** Plaintiff, vs. **GARDA WORLD, LLC,** *et al*, Defendants. | Civil Action No. 23-cv-23006-JXN-SDA **OPINION & ORDER** April 30, 2025 |

    **THIS MATTER** is before the Court on the motion filed by *pro se* plaintiff Bradley Talmadge Livingston ("Plaintiff") for appointment of pro bono counsel, pursuant to 28 U.S.C. § 1915(e)(1). (ECF No. 189). The Court decides this motion without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, the motion is **DENIED**.

## BACKGROUND

    Plaintiff filed a Complaint on December 11, 2023 alleging employment discrimination on the basis of race and retaliation under Title VII of the Civil Rights Act of 1964 against Defendants GardaWorld, LLC and Emanual Johnson, an account manager and human resources employee for GardaWorld, LLC (together, "Defendants"). (ECF No. 1). More specifically, Plaintiff alleges that Defendants changed Plaintiff's employment hours and removed him from duty due to his race and in retaliation for making complaints against other employees. (*Id.*). Plaintiff also claims Defendants utilized racially discriminatory remarks against him. (*Id.*).

1

## **DISCUSSION**

A civil litigant does not have a constitutional or statutory right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, appoint an attorney to represent a litigant who is unable to afford counsel. *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (holding the Court has broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e)).

Here, Plaintiff asserts he needs legal representation because the action involves complex issues, and because he has limited abilities to effectively investigate and present his claims due to ongoing medical issues and lack of legal training. (ECF No. 189 at 1). Plaintiff states that he has ongoing medical issues which hinder his ability to research legal issues and attend hearings. (*Id.* at 2). Additionally, he claims that he lacks the legal expertise needed to conduct depositions, engage in motion practice, and respond to discovery obligations effectively. (*Id.*).

To determine whether appointed counsel is warranted, the Court must apply the analysis established by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Under the *Tabron* framework, the threshold issue is "whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155.) If the claim has some merit, the Court should consider the following factors:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations; and
6. whether the case will require the testimony of expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit "[has] noted that 'this list of factors is not exhaustive, but should serve as a guidepost for the district courts.'" *Id.* (quoting *Parham*, 126 F.3d at 457). It has also cautioned that care should be exercised in appointing counsel in civil actions, as "volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58.

Here, the Court will assume for purposes of this motion that Plaintiff's claims have some merit. Nevertheless, the *Tabron* factors weigh against granting Plaintiff the relief sought. There is nothing to suggest that Plaintiff lacks the ability to competently present his case, understand the relevant legal issues, and participate in discovery – particularly given the leniency afforded to pro se litigants by the Court as to procedural rules and interpretation of pleadings. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). The Court will consider the six factors in turn.

First, Plaintiff has failed to demonstrate that he is unable to present his own case. To evaluate this factor, *Tabron* instructs that "[c]ourts generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. While Plaintiff has been overzealous the number of filings he has made on the docket, a review of these various filings demonstrate he is not only literate, but that he possesses the skill needed to review court rules, research legal issues, draft and file documents and advocate for himself. Plaintiff's assertion that he is disabled and therefore unable to research legal issues or attend hearings is also not supported by the record. Plaintiff currently has nine (9) separate lawsuits pending in the District of New Jersey, each with a plethora of filings addressing different legal issues. This undermines any claim that Plaintiff is physically unable to handle his own cases. Further, Plaintiff has presented no medical documentation to establish that he is unable to attend

in-court proceedings or otherwise handle his cases. To the contrary, a review of the docket in this matter reveals only two medical documents submitted by Plaintiff, neither of which suggest he requires any type of accommodation. The first is a Clinical Office Visit summary submitted on March 28, 2025. (ECF No. 152). This document indicates Plaintiff's metabolic panel was normal, that he had "no known health concerns" and that there were no abnormal findings. (*Id.*). Further, contrary to Plaintiff's contention that he cannot attend court proceedings, the document advises Plaintiff to "increase his physical activity." (*Id.*). There is nothing in this letter that states Plaintiff has any limitations on his ability to attend court, travel or engage in activities (*Id.*). The second document is simply a screenshot confirming some type of medical appointment an April 2, 2025 that contains no substantive information. (ECF No. 166). In short, there is no support for Plaintiff's contention that he is unable to prosecute his claims himself or attend court.

Second, this action does not involve overly complex legal or factual issues. Although Plaintiff asserts the lawsuit is complex because it involves issues of employment law, the Court believes the matter hinges on rather straightforward allegations related to racially motivated employment discrimination. Again, this factor weighs against appointment of counsel.

Third, this matter has already proceeded to the discovery stage and, while Plaintiff has failed to meet some of his disclosure requirements, there is no indication that this is a result of an inability to understand the questions posed of him, the Court's rules or the Court's orders. Rather, any lack of compliance appears to be predicated upon Plaintiff's willful refusal to comply with Court Orders or do the work necessary to provide fulsome responses. Further, Plaintiff's many filings include evidence he wishes to submit to the Court. (*See, e.g.*, ECF Nos. 123, 134, 135, 136 and 193). While these submissions are procedurally improper because they are not being offered at the appropriate juncture in the case, these filings demonstrate Plaintiff's capacity to investigate

4

his claims and present evidence to the Court. (*See, e.g.*, ECF Nos. 156, 160, 188). This *Tabron* factor therefore also weighs against appointment of counsel.

Fourth, the Court must consider whether Plaintiff can afford counsel. Typically, this factor depends on whether the movant has been granted *in forma pauperis* status. *Montgomery*, 294 F. 3d at 505. Here, Plaintiff has **not requested** to proceed *in forma pauperis*.[1] Moreover, Plaintiff fails to even mention any financial impediments to retaining counsel in his moving papers. Since Plaintiff failed to present any evidence of indigence and persuasively demonstrate that he lacks the financial means to retain counsel, this factor also weighs against appointment of counsel.

Fifth, it is unclear at this time how significant credibility determinations will be to Plaintiff's presentation of the case. "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest." *Parham*, 126 F.3d at 460. Nothing in the record suggests that this case will involve a swearing contest, however, even assuming it does, the Court is not persuaded that this factor alone is not enough to justify the appointment of pro bono counsel at this point.

Sixth, the Court must consider whether the action may require expert testimony. Although this action is in its earliest stages, neither the Complaint nor Plaintiff's motion for appointment of counsel indicate that expert testimony will be needed. Thus, this factor also weighs against granting the request for pro bono counsel.

No single *Tabron* factor is determinative of the question of whether appointment of counsel is appropriate in a civil action. *Parham*, 126 F.3d at 458. Here, the totality of the *Tabron* framework

---

[1] While not in this matter itself, Plaintiff has filed a Motion for Leave to Appeal to the Third Circuit Court of Appeals *in forma pauperis* on this docket. (ECF No. 102). The Honorable Julien Xavier Neals denied this motion because Plaintiff failed to comply with the requirements of Federal Rule of Appeal Procedure 21(a)(1) by filing the incorrect form, by not claiming an entitlement to redress, and by not stating the issues he intends to present on appeal. (ECF No. 133).

militates against allocating the scarce resource of pro bono counsel to represent Plaintiff in this action at this juncture in the litigation.

## CONCLUSION AND ORDER

As set forth above, the Court concludes, in its discretion, that appointment of pro bono counsel to represent Plaintiff is not warranted. Accordingly,

**IT IS** on this 30th day of April, 2025:

**ORDERED** that the motion by Plaintiff for appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) is **DENIED** without prejudice. The clerk of the Court is respectfully directed to terminate the motion at ECF No. 189.

**IT IS SO ORDERED.**

*s/ Stacey D. Adams*
**STACEY D. ADAMS, U.S.M.J.**

Orig:   Clerk
cc:     Counsel of Record