## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CHAMBERS OF
## Stacey D. Adams
**UNITED STATES MAGISTRATE JUDGE**

FRANK R. LAUTENBERG U.S. POST
OFFICE & COURTHOUSE BUILDING
2 FEDERAL SQUARE
NEWARK, NJ 07102
973-645-6121

April 30, 2025

## OMNIBUS LETTER ORDER

Re:    *Livingston v. Garda World, LLC. et al*
       Docket No. 2:23-cv-23006-JXN-SDA

Dear Litigants:

The Court has received dozens of submissions from *pro se* Plaintiff Bradley Talmadge Livingston ("Plaintiff") styled as motions or letters seeking various relief. In order to allow for the efficient management of this docket, the Court seeks to address these filings in the instant omnibus letter order. As set forth herein, the Court will administratively terminate a number of these motions pending resolution of Defendants' Motion to Dismiss at ECF No. 127. Additionally, numerous filings will be denied as either moot, procedurally improper or substantively lacking in merit. Finally, the Court will address multiple filings submitted by Plaintiff attempting to avoid his obligation to appear in Court on the basis of his alleged disability.

As an initial matter, the Court understands that Plaintiff is a *pro se* litigant and, as such, affords him leniency in reviewing his submissions. While "[a]ll litigants must comply with the Federal Rules of Civil Procedure and the Local Civil Rules[,] . . . pro se filings are to be 'liberally construed.'" *Swift v. Pandey*, No. 13-cv-650 (JLL)(JAD), 2016 WL 11220838, at *1 (D.N.J. July 13, 2016) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[T]here is no different standard, but there is often a leniency regarding full technical compliance with the Rules granted in a pro se litigant's favor." *Id.* Nevertheless, "[t]his leniency ... should not be abused by *pro se* litigants" and "all litigants, including *pro ses*, have an obligation to comply with Court orders." *Edelson v. Cheung*, No. 13-CV-5870 (JLL)(JAD), 2017 WL 150241, at *5 (D.N.J. Jan. 12, 2017) (quoting *Creeden v. Home Depot*, No. 06-CV-3669 (JAG), 2007 WL 1521439, at *2 (D.N.J. May 23, 2007)). No matter how much leniency the Court affords Plaintiff, the instant matter is an example of a pro se litigant abusing his status through constant, baseless and procedurally improper filings. The Court will do its best to address each of Plaintiff's pending applications below.

Plaintiff's complaint in this matter alleges employment discrimination against Defendants under Title VII of the Civil Rights Act of 1964. (ECF No. 1). Specifically, Plaintiff alleges race discrimination and retaliation. (*Id.*). Plaintiff also claims Defendants changed his hours and terminated his employment based upon his race and in retaliation for making unspecified complaints against other employees. (*Id.*).

1

I.    **Motions/Applications That Will Be Denied on the Grounds That They Are Procedurally Inappropriate or Incomprehensible**

ECF Nos. 123, 124, 135, 136, 193 – Plaintiff makes a number of submissions where he attempts to provide evidence or discovery-related documents to the Court. These filings are all procedurally improper. Plaintiff's "evidence" may only be submitted to the Court (i) at trial or during a hearing before the Court, or (ii) attached to a sworn certification/declaration submitted in support of or against a validly filed motion. Instead, Plaintiff randomly submits evidence not tied to any application. Therefore, they are improper and denied without prejudice to Plaintiff's right to present this information to the Court at any trial, hearing or when properly submitted in connection with a pending motion.

ECF Nos. 131, 192, 195 – Plaintiff files several motions seeking the entry of a final judgment, damages or similar relief against Defendants. A motion for judgment on the pleadings is permitted only after the pleadings are closed. Fed. R. Civ. P. 12(c). Such a motion is appropriate only when, taking all well-pleaded factual allegations in the non-moving party's pleadings as true, there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(c); *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005); *see also Zimmerman v. Corbett,* 873 F.3d 414, 417-18 (3d Cir. 2017). There are clearly disputed issues of fact in this matter, as demonstrated in Defendants' Answer. Additionally, Plaintiff filed one of these motions pursuant to "Section 2(b) of the Antitrust Procedures and Penalty Act ("AAPA"), 15 U.S.C. ¶ 16(b)-(h). The AAPA has no bearing on the claims asserted by Plaintiff in the instant matter and Plaintiff's motion is non-sensical. Accordingly, Plaintiff's motions are ADMINISTRATIVELY TERMINATED and he may seek the relief sought at trial.

ECF No. 142 - This motion requests a default judgment and to terminate the in-person hearing. Plaintiff does not identify which hearing he seeks to terminate. Since the letter is dated February 2, 2025, the Court assumes it was related to the February 5, 2025 status conference, which was already adjourned at Plaintiff's request (ECF No. 138). Accordingly, the request to terminate the in-person conference is moot. The request to enter a default judgment is improper as both Defendants have appeared in this matter, filed an Answer and are actively participating in this matter. The Motion at ECF No. 142 is thereby DENIED without prejudice.

ECF No. 143 – This letter motion requests "punishment" and cites to 18 U.S.C. §§ 241 and 1503, both of which are criminal statutes. This motion is DENIED with prejudice since only the United States Attorney has the power to file the criminal charges.

ECF No. 153 - Plaintiff submits this Motion for Reconsideration requesting that the Court reconsider its denial of his Motion to Compel Discovery Responses and for Protective Order. The motion is defective in that it does not specify the specific order for which reconsideration is sought, as required by Court Rules. To the extent this motion concerns the Court's Order at ECF No. 120 issued on January 10, 2025, it is untimely as it was filed on March 29, 2025, well beyond the fourteen (14) days allowed under Local Civil Rule 7.1(i). Accordingly, the Motion is DENIED with prejudice.

ECF No. 155 – Plaintiff seeks to enforce his right to a jury trial. This is an unnecessary application as Plaintiff already preserved this right by demanding a jury trial in his complaint. Accordingly, this motion is DENIED without prejudice.

ECF No. 167 – In this letter, Plaintiff objects to the Notice of Appearance by Seth Spiegel, Esq. Mr. Spiegel is an attorney at Ford Harrison, LLP, defense counsel in this matter. A law firm may have more than one attorney enter an appearance on a given matter. Counsel has neither changed nor withdrawn, and therefore this request is DENIED without prejudice improper.

ECF No. 181 – In this motion, Plaintiff seeks to challenge Standing Order 2024-04, which was issued by Chief United States District Judge Renée Marie Bumb on November 15, 2024 rescinding the Emergency Authorization put in place during the Pandemic that allowed pro se litigants to submit filings through the Alternative Document Submission System ("ADS"). While there does not appear to be any basis for extending these measures now that the Pandemic is over, the proper means for challenging a Standing Order of the Court is not in the context of a litigation against a private entity. In short, Plaintiff's motion is improper in the context of this action, and is therefore DENIED without prejudice.[1]

ECF No. 187 – In response to the Order to Show Cause scheduled to be heard on April, 28, 2025, Plaintiff submitted ECF No. 166. Then he separately filed a second response as an independent motion at ECF No. 187. Dual or supplemental submissions for the same application are improper absent leave of Court. Plaintiff does not get multiple bites at the apple. Moreover, an opposition or response should not be filed as an independent motion. Accordingly, the motion at ECF No. 187 is ADMINISTRATIVELY TERMINATED. However, it will be considered by the Court in the context of the Order to Show Cause hearing on April 28, 2025.

## II.    Motions/Letters/Requests to Adjourn Conferences and/or Appear Virtually Due to Plaintiff's Purported Health Issues

ECF Nos. 137 and 139 –These letters concerned the 02/05/25 status conference, which was adjourned at Plaintiff's request (ECF No. 138) thereby rendering these requests moot.

ECF Nos. 150, 152, 157 and 158 – These motions are also DENIED as moot. They both sought adjournment of the April 3, 2025 in person conference. Although dated March 27, 2025, April 1, 2025 and April 2, 2025, respectively, none of these letters were received by the Court until *after* the conference was held. Following an adjournment request by

---

[1] Plaintiff's claims that his letters are not being timely entered on the docket appear to be unfounded. The clerk's office dockets Plaintiff's countless submissions on almost a daily basis. To the extent something is docketed late, it is almost always due to (i) Plaintiff putting one date on the letter but not sending it to the Court until a later date, (ii) Plaintiff not sending it to the Court at all (and the Court instead receiving it from defense counsel), or (iii) delays in regular mail that are beyond the Court's control. Plaintiff can register to receive Notices of Electronic filings at ECF-Reg-ProSe Receive Documents.pdf.

Plaintiff on January 28, 2025, the Court entered an Order rescheduling the conference at his request until April 3, 2025. (ECF No. 138). Plaintiff thus had more than two months to address his claimed inability to attend the conference, yet waited until the last minute to request the conference be cancelled. The conference therefore proceeded in his absence and an Order to Show Cause was entered by the Court affording Plaintiff another opportunity to appear in Court on April 28, 2025. (ECF No. 165). Accordingly, ECF Nos. 150, 152, 157 and 157 are all DENIED without prejudice as moot because the conference they seek to address has already passed. However, the limited medical documentation provided by Plaintiff with these submissions is addressed below.

ECF Nos. 140, 150, 152, 157, 158, 171, 179, 180, 185 and 197 – These are a variety of motions and letter requests seeking to (i) adjourn or terminate upcoming in person status conferences; (ii) allow Plaintiff to appear virtually for all Court proceedings; or (iii) indefinitely terminate and stay all future conferences, on the basis of Plaintiff's purported disability.

As an initial matter, while the Pandemic has afforded the Court greater ability to conduct virtual proceedings, it is always within the Judge's discretion to require Court proceedings to be conducted in person when necessary to ensure the efficient proceeding of the case, due to the complexity of the matter, or when dealing with difficult litigants or counsel. *See Muhammad v. Ct. of Common Pleas of Allegheny Cnty., PA*, No. 09-CV-1255, 2013 WL 966625 (W.D. Pa. Feb. 20, 2013) (dismissing an action, in part, because Plaintiff repeatedly failed to appear in-person when directed by the court to do so). Here, due to Plaintiff's repeated failure to comply with Court orders and rules, and refusal to proceed with discovery in good faith, the Court made the decision following the December 10, 2024 status conference to require the next Court conference to be conducted in person at the Courthouse. Plaintiff became very upset because he apparently moved to Maryland at some point and did not want to come to New Jersey to pursue this case. The Court explained to Plaintiff that he availed himself of this Court by making the decision to file this case (as well as 8 others) in the District of New Jersey, and that he must appear in Court if Ordered to do so. It was only at this time that Plaintiff raised, for the first time, his purported disabilities and inability to travel. The Court finds the timing of this sudden medical issue, on the heels of the Court's requiring an in person appearance, to be suspect.

Putting aside the suspect timing of Plaintiff's request, the limited medical documentation he provided to the Court does not support his contention that he cannot appear in Court. Plaintiff first advised the Court on January 28, 2025 that he could not drive long distances due to "health issues" and because he had dizziness in his vision. (ECF No. 139). No medical documentation was provided at that time. Then, in his March 27, 2025 letter, Plaintiff stated he could not appear in Court because he suffers from high blood pressure.[2] (ECF No. 150). Again, no medical documentation was provided. In a letter dated March 28, 2025, Plaintiff claimed his doctor advised him that he could not travel long distances due to his high blood pressure. (ECF No. 152). A Clinical Office Visit summary of the same

---

[2] Plaintiff also asserted a number of other reasons as to why he should not be required to appear in person at Court, having nothing to do with his medical issues.

date reveals no support for this contention. Specifically, while the documentation notes a follow-up exam for an elevated Liver Function Test at an earlier visit and a slightly elevated blood pressure reading, it did not indicate a diagnosis of hypertension. (*Id.*). To the contrary, the document indicates Plaintiff's metabolic panel was normal, that he had "no known health concerns" and that there were no abnormal findings. (*Id.*). Further, contrary to Plaintiff's contention that he was directed by his doctor not to travel, the document states Plaintiff is advised to increase his physical activity. (*Id.*). There is nothing in this letter that states Plaintiff has any limitations on his ability to attend court, travel or engage in activities (*Id.*). Nor is there anything to suggest that Plaintiff cannot use public transportation to travel if he is worried about driving. This is the only medical documentation Plaintiff has ever provided to the Court, other than a screen shot confirming some type of medical appointment an April 2, 2025 that contains no substantive information. (ECF No. 166). In short, there is no support for Plaintiff's contention that he is unable to travel to Court to attend conferences or that he requires any type of accommodation.

Even if Plaintiff's medical documentation supported the need for an accommodation (which is does not), that does not forever excuse him from attending Court proceedings. The Americans with Disabilities Act ("ADA") does not require the Court to provide Plaintiff with any accommodation requested; it only requires the Court to provide him with a reasonable accommodation. 42 U.S.C. § 12112(b)(5)(A). It is simply not reasonable for a Plaintiff who avails himself of the Court in a particular state to request that he be permanently excused from any required in person Court appearances. *See Campillo v. Antaki*, No. 19-CV-9298 (CCC), 2024 WL 5007257, at *6 (D.N.J. Jan 22, 2024) (emphasizing plaintiff's failure to appear in person in the district where he initiated his action prejudiced defendants and supported dismissal). While the Court system has evolved since the Pandemic to allow for certain matters to be handled virtually, this does not give a litigant the right to insist that he never be required to appear in person. *See* L. Civ. R. 16.1(g)(3); 37.1(b)(4) (providing judges the discretion to hold certain conferences in open court). To the contrary, the Judge always maintains the right to insist upon an in person hearing. L. Civ. R. 16.1(a)(2)

Accordingly, each of the above motions and letter requests are DENIED without prejudice. Of course, if Plaintiff requests a reasonable accommodation, supported by appropriate medical documentation, during his in person appearances, the Court will always engage in an interactive process and provide reasonable accommodations. Such accommodations may include things like a later start time or earlier finish time, seating, extended breaks, etc. Should Plaintiff require any such accommodations, he is welcome to submit those to the Court for consideration.

### III.  Motions Administratively Terminated Pending Resolution of Defendant's Motion to Dismiss

ECF Nos. 156, 159, 177, 178, 182,188 and 196 - These motions seek an array of remedies from this Court, from compelling discovery to sanctioning opposing counsel. Each of these motions are ADMINISTRATIVELY TERMINATED pending resolution of Defendant's Motion to Dismiss. (ECF No. 127). These motions are premature and may be rendered

moot if the pending motion to dismiss is granted. Plaintiff may renew or refile this motions if this case survives the motion to dismiss, provided they comply with the Federal Rules of Civil Procedure, the DNJ Local Rules and the undersigned's judicial preferences (which, among other things, require a party to seek leave of Court before filing any discovery-related or other motions).

## IV. Motions Seeking Recusal of or Alleging Improper Conduct By Magistrate Judge Adams

ECF Nos. 122, 125, 129, 130, 134, 143, 145, 160, 168, 169, 170, 172, 174, 175, 178 and 183 - Plaintiff submits an array of letters and motions that all, at least in part, attempt to supplement his original Motion for Recusal at ECF No. 121, challenge the Court's Order denying Plaintiff's Motion for Recusal at ECF No. 163 or otherwise seeking to have Magistrate Judge Adams removed from this case. Plaintiff already filed a motion for reconsideration of Judge Adams' Order (ECF No. 164), which was denied on April 21, 2025 (ECF No. 194). The Court also addressed Plaintiff's repeated requests for recusal in its text order dated April 10, 2025, wherein it directed that "Plaintiff may not continue to file applications seeking relief that was already addressed and denied by the Court simply because he is displeased with the outcome of his motion." (ECF No. 184). Yet, Plaintiff continues to file letters and motions seeking the same relief. Plaintiff does not raise any new basis for recusal. Court rules limit parties to an opening brief and reply brief and do not permit any supplemental briefing without leave of Court. L. Civ. R. 7.1(d)(6). Once a motion is denied, and then a motion for reconsideration is also denied, Plaintiff's recourse is to file an appeal. Therefore, these various motions and letter requests are DENIED with prejudice.

## V. Motions Seeking a Stay Of Proceeding Pending Resolution of Plaintiff's Appeals

ECF Nos. 161, 162, 173 and 176 – Each of these motions seek a stay or other "assistance" pending review of Plaintiff's Writ of Certiorari to the U.S. Supreme Court. As an initial matter, there has been no final adjudication of this matter and, therefore, any appeal is interlocutory. While Plaintiff does not specify what Order he is appealing, the Court assumes it is the Third Circuit Order dismissing his appeal for lack of appellate jurisdiction. (ECF No. 146). Plaintiff's appeal to the Third Circuit challenged the undersigned's Order denying Plaintiff's motion to compel and motion for summary judgment. (ECF No. 101). As the Third Circuit explained, "an order of a Magistrate Judge who is not ruling as the District Court with the consent of the parties is not a final and immediately appealable order of the District Court." (ECF No. 146 citing *Siers v. Morrash*, 700 F.2d 113, 114-15 (3d Cir. 1983)). Granting a stay for an interlocutory appeal is left to the discretion of the District Court. *Barker v. Kane*, 149 F. Supp. 3d 521, 525 (M.D. Pa. 2016) ("A stay is an extraordinary measure, and the decision to stay rests within the sound discretion of the district court.").[3] In determining whether to stay a matter, a court will consider "whether a

---

[3] Plaintiff also has the right to file a motion seeking a stay with the appeals court. 28 U.S.C. § 1292(b). However, the court is not aware of any such motion being filed in the instant matter.

stay will simplify issues and promote judicial economy, the balance of harm to the parties, and the length of the [ ] stay." *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. 11-CV-0011, 2011 WL 4056318, at *2 (D.N.J. Sept. 12, 2011) (alteration in original) (quoting *McDonald v. Novartis Pharms., Corp.*, No. 07-CV-0655 (JBS), 2007 WL 4191750, at *1 (D.N.J. Nov.20, 2007)). For the same reasons that Plaintiff's Third Circuit appeal lacked merit, his Petition to the Supreme Court lacks merit. The underlying motion to compel was denied without prejudice for failing to identify with specificity how Defendants' discovery responses were deficient and failing to comply with procedural requirements. The underlying motion for summary judgment was denied without prejudice as premature because discovery in this matter is ongoing. Neither of these decisions are final. The Court will not further delay this case based upon a premature and baseless appeal. Accordingly, Plaintiff's various requests to stay at ECF Nos. 161, 162, 173 and 176 are all DENIED without prejudice.

**VI.    Stay Pending Resolution of the Motion to Dismiss and Order Barring Plaintiff from Further Filings Absent Leave of Court**

Given the continuous flow of voluminous filings in the matter, all of various lengths, and the strain those filings place on the resources of the parties and the Court, the Court, in alignment with Local Civil Rule 83.3 and in its discretion to manage the docket in any matter, and to permit orderly review of the pending motion to dismiss, hereby **STAYS** this action pending a decision on Defendant's motion to dismiss at ECF No. 127. During the pendency of the stay, no other requests for relief will be entertained. The parties are advised that any further motions (or motions disguised as letters) will be administratively terminated.

Additionally, because of the undue burden Plaintiff's constant submissions has placed on the Court, the non-sensical and frivolous nature of much of the relief sought, and the harassing nature of those submissions, Plaintiff shall not file any further documents in this action unless he is given express permission and approval for same. Any future filings in this matter shall be screened by the Honorable Julien Neals, U.S.D.J. to determine if they are frivolous or otherwise improper. The Clerk of Court shall not upload Plaintiff's filings to the docket without an initial screening, and approval, by this Court. Failure to comply with this Order may result in sanctions, including dismissal of this action.

**VII.    Conclusion**

In Sum, the Clerk of Court is directed to Administratively Terminate the Motions at ECF Nos. 131, 156, 159, 150, 177, 178, 182, 187, 188, 192, 195 and 196 *without prejudice*.

The Clerk of Court is directed to terminate the Motions at ECF Nos. 143, 153 and 160 *with prejudice*.

The Clerk of Court is directed to terminate the Motions at ECF No. 142, 150, 152, 155, 157, 158, 167, 171, 176, 179, 180, 181, 185 and 197 *without prejudice*.

The following motions remain pending and will be address via separate Orders:
- ECF No. 127 Motion to Dismiss (pending before Magistrate Judge Adams)
- ECF No. 144 Motion for Recusal (pending before Judge Neals)
- ECF No. 189 Motion for Appointment of Pro Bono counsel (pending before Magistrate Judge Adams)

Finally, the Clerk of Court is directed to stay this matter pending resolution of the Motion to Dismiss at ECF No. 127 and, further, not to accept any further filings by Plaintiff without an initial screening by Judge Neals and approval to file.

**IT IS SO ORDERED.**

_/s/ Stacey D. Adams_
Hon. Stacey D. Adams
United States Magistrate Judge

8