UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRADLEY TALMADGE LIVINGSTON**, <br><br> Plaintiff, <br><br> v. <br><br> **GARDA WORLD, LLC,** *et al.*, <br><br> Defendants. | Action No. 23-cv-23006-JXN-SDA <br><br> **WHEREAS OPINION AND ORDER** <br><br> May 13, 2025 |

**STACEY D. ADAMS**, United States Magistrate Judge.

  **THIS MATTER** having come before the Court on a return of an Order to Show Cause ("OTSC") issued by the Court on April 2, 2025 requiring *pro se* Plaintiff Bradley Talmadge Livingston ("Plaintiff") to appear before the Court and show cause as to why he should not be sanctioned for failing to appear at the April 2, 2025 Court conference and failing to comply with Court orders; and Plaintiff having filed responses to the OTSC at ECF Nos. 166 and 187; and Defendants having filed an affidavit of services for fees and costs incurred attending the April 2, 2025 conference at ECF No. 165; and

  **WHEREAS,** on December 10, 2024, the Court held a virtual status conference with Plaintiff and Defendants Garda World, LLC and Emanuel Johnson (together, "Defendants") in attendance to address Plaintiff's numerous discovery deficiencies, during which Plaintiff was ordered to respond to Defendants' second deficiency letter, serve his initial disclosures, and appear for an IN PERSON status conference at the Courthouse on **February 5, 2025** (ECF No. 105); and

  **WHEREAS**, the Court specifically required the aforementioned conference to be conducted IN PERSON due to ongoing concerns about case management, Plaintiff's repeated improper and often incomprehensible filings, Plaintiff's failure to meet his discovery obligations, and overall

1

difficulties dealing with Plaintiff; and

**WHEREAS**, Plaintiff currently lives in Maryland and immediately expressed his unhappiness with having to travel to New Jersey, despite having selected this district to file his Complaint; and

**WHEREAS**, on January 22, 2025, Plaintiff filed a request to appear virtually for the February 5, 2025 in person conference and all future conferences purportedly because he could not "drive long distance anymore due to health issues and suffering with dizziness in vision," but indicated in the letter that he understood this request was subject to the Court's approval. (ECF No. 140); and

**WHEREAS,** Plaintiff filed another letter on January 22, 2025 seeking an adjournment of the February 5, 2025 in person conference for 60 days to allow him the opportunity to retain counsel (ECF No. 137), which was granted by Judge Adams on January 28, 2025 and the conference was rescheduled to April 2, 2025 IN PERSON at the Courthouse (ECF No. 138), affording Plaintiff more than two months' notice of the new Court date; and

**WHEREAS,** since the Court ordered Plaintiff to appear in-person, he has embarked on a campaign of filing letters and applications with the Court offering countless excuses to avoid appearing in Court, from claiming he suffers from a variety of disabilities that prevent him from traveling, to seeking recusal of the undersigned, to alleging unfair treatment;[1] and

**WHEREAS,** on the morning of the April 2, 2025 conference, Defendants (not Plaintiff) provided the Court with a letter they received from Plaintiff seeking a last-minute adjournment of the April 2, 2025 conference because he had a medical appointment and claiming that he could not

---

[1] Plaintiff has made almost 100 filings since the December 10, 2024 scheduling order. They are grouped together, described and addressed in the Court's Omnibus Order entered on April 30, 2025 (ECF No. 201), and will not be repeated herein.

2

attend the conference since it was scheduled on "short notice" (ECF No. 157);[2] and

**WHEREAS,** Court has reason to doubt the credibility of Plaintiff's claimed reason for requesting the adjournment as (i) the hearing was not scheduled on short notice but, rather, was originally scheduled in December 10, 2024 with two months' notice (ECF No. 105) and was then rescheduled on January 28, 2025 at Plaintiff's request for April 2, 2025, giving Plaintiff yet another two months' notice (ECF No. 138); (ii) Plaintiff never wrote the Court in advance of the conference to advise he had a medical appointment and instead sent a last minute letter to Defendants only claiming he had an appointment; (iii) no medical documentation was attached to the letter Plaintiff sent to Defendants; (iv) documentation later provided by Plaintiff in response to the OTSC demonstrated he made a last minute telemed appointment at 10:38 a.m. on the day of the conference at an urgent care center (ECF No. 166) and provided no further information about the reason for the visit; and (v) contrary to Plaintiff's representations that he could not travel, the only other medical documentation he provided to the Court indicated he had no known health concerns and encouraged him to increase his physical activity (ECF No. 152); and

**WHEREAS,** despite being properly notified of the conference and not receiving an adjournment, Plaintiff inexcusably failed to appear in person on April 2, 2025; and

**WHEREAS**, the Court directed Defendants' counsel to submit an affidavit of services to the Court setting forth the fees and costs incurred for time preparing for and appearing at the April 2, 2025 conference at which Plaintiff failed to appear. (ECF No. 165); and

**WHEREAS**, Defendants' counsel submitted an affidavit of costs and fees, supported by a detailed breakdown of time spent, on April 11, 2025. (ECF No. 186). The affidavit requested a total

---

[2] There were two submissions from Plaintiff dated March 27, 2025 (ECF Nos. 150, 152) and one dated April 2, 2025. (ECF Nos. 158). These submissions were not placed on the docket until April 3, 2025 and – other than the last-minute letter shared by defense counsel – the Court was not aware of them until after the April 2, 2025 conference. Regardless, they would not have changed the outcome or resulted in a delay of the proceeding.

request of $1,701.00 in costs and fees for 5.4 hours of work at $315.00 per hour, approximately 42% lower than counsel's standard hourly rate. (*Id.* ¶¶ 11, 12); and

**WHEREAS**, the Court having reviewed the affidavit of services, finds it to be fair and reasonable because (i) Defense counsel's rate is below the market rate for a similarly situated attorney in this geographic area, and (ii) the time spent, which consisted of minimal preparation for the conference and then attendance at the conference, is more than reasonable; and

**WHEREAS**, the April 2, 2025 OTSC required Plaintiff to appear IN PERSON before the Court on April 28, 2025 to show cause as to why he should not be sanctioned for failing to appear at the April 2, 2025 conference; (ECF No. 165); and

**WHEREAS**, despite being properly notified of the conference and not receiving an adjournment, Plaintiff *again* failed to appear for the IN PERSON conference on April 28, 2025; and

**WHEREAS**, the only response Plaintiff provided to Defendants' Affidavit of Services was a single sentence, without any supporting argument, asking the Court to "reject the Affidavit of Services as unsupported and unnecessary given the lack of wrongdoing" (ECF No. 187); and

**WHEREAS**, for the reasons stated above, the Court finds the Affidavit of Services was properly supported by detailed time records and rejects Plaintiff's contention that there was no wrongdoing, given his willful failure to appear at two separate Court conferences, despite knowledge of the same, and no good reason for failing to attend; and for good cause shown:

**IT IS**, on this **13th** day of **May**, **2025**, hereby **ORDERED** as follows:

1. Defendants are hereby awarded attorneys' fees and costs in the amount of **$1,701.00** for defense counsel's preparation and appearance at the April 2, 2025 conference. This amount shall be sent by Plaintiff to Defense counsel via check payable to "Ford Harrison LLP" within thirty (30) days of this Order.

2. By **May 30, 2025**, Defendants' counsel shall submit an affidavit of services for any time

4

spent preparing for and appearing at the April 28, 2025 conference at which Plaintiff failed to appear.

**SO ORDERED.**

                                            /s/ Stacey D. Adams  
                                       STACEY D. ADAMS, U.S.M.J.

Orig:   Clerk  
cc:     Parties  
         Julien Xavier Neals, U.S.D.J.